[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
The plaintiff, Philip Bradford, has moved for the entry of judgment following the entry of a jury verdict in his favor on September 18, 1993. The jury found in favor of the plaintiff on Count 2 of the Complaint, which alleged sale of securities by an unregistered broker in violation of 36-472 and 36-498 (2) of the Connecticut General Statutes and Count 3 of the Complaint which alleged sale of an unregistered security in violation of 36-485 of the Connecticut General Statutes, and awarded the plaintiff $15,000. The jury found in favor of the defendant on the counts which alleged breach of a fiduciary duty, untrue statements in the sale of securities, and fraudulent conveyance.
Based on the jury's verdict, the plaintiff is also entitled to an award of interest at the rate of 10% per annum pursuant to37-3a of the Connecticut General Statutes from the date he made payment for the security in question, costs and attorneys' fees pursuant to Connecticut General Statutes 36-498 (a).
The defendant argues that the court should apportion the amount of attorneys' fees claimed by the plaintiff between the counts of the complaint and reduce the fees based on the counts which the plaintiff did not recover.
In Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172,510 A.2d 972 (1986), the plaintiff sought an award of attorneys' fees under 36-498. The plaintiff prevailed at trial on three of the five counts of the complaint, including the count which alleged a violation of 36-498. The defendants demanded that the trial court reduce the attorneys' fee claim by two-fifths. The Supreme, Court upheld the trial court's award of the entire amount of attorneys' fees and stated:
 Because the amount he expended on litigation including the dollars spent on his unsuccessful claims, were devoted to the pursuit of a goal that he achieved, the trial court permissibly rejected the defendants' demand that it reduce the award by two-fifths. Id. at 195.
Under the rationale of Russell v. Dean Witter Reynolds, Inc., supra, the plaintiff should not suffer a reduction in the amount of attorneys' fees he reasonably incurred simply because he did not succeed in prevailing upon all of his claims.
The court finds that the amount of attorneys' fees reasonably CT Page 973 incurred by the plaintiff was $35,000 and awards that amount to the plaintiff.
By the Court,
Aurigemma, J.